IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                              CRIM. NOS. 1:11CR27, 1:13CR74
                                         (Judge Keeley)

**NICOLE PIERCE,**

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION 3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

**I. Background**

On July 8, 2011, in Criminal Action No. 1:11CR27, the defendant, Nicole Pierce ("Pierce"), pleaded guilty to Count Twenty-Eight, Aiding and Abetting in the Distribution of Heroin within 1,000' of a Protected Location, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860, and Count Thirty Two, Aiding and Abetting in the Possession, Sale and Disposal of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2)(Dkt. No. 360).[1] On October 21, 2011, the Court sentenced Pierce to eighteen (18) months of incarceration on each count, to be served concurrently (Dkt. No. 548). Her sentence included two concurrent terms of

---

[1] Unless noted, all docket entry citations are to 1:11CR27. The defendant is named Nikki Pierce in Case No. 1:11CR27 and Nicole Nikki Pierce in Case No. 1:13CR74.

**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION 3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

supervised release, three (3) years for Count Twenty-Eight and six (6) years for Count Thirty-Two. Id.

Pierce commenced her first term of supervised release on June 8, 2012 (Dkt. No. 665). On May 1, 2013, the Court revoked Pierce's supervised release and sentenced her to eighteen (18) months of incarceration on each count, to be served concurrently (Dkt. No. 679). Her revocation sentence was to be followed by fifty-four (54) months of supervised release on Count Twenty-Eight and eighteen (18) months of supervised release on Count Thirty-Two, to be served concurrently. Id.

On September 4, 2013, while serving her revocation sentence, Pierce was one of two defendants named in a ten-count indictment in Criminal Action No. 1:13CR74 (1:13CR74, Dkt. No. 1). On November 15, 2013, Pierce pleaded guilty to Count Two, Aiding and Abetting in the Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § § 841(a), 841(b)(1), and 18 U.S.C. 2, and Count Four, Felon in Possession of a Firearm, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2) (1:13CR74, Dkt. No. 41). On March 24, 2014, the Court sentenced Pierce to seventy-one (71) months of incarceration on each count, to run concurrently. This sentence was to be served consecutively to the sentence imposed in Criminal Action No. 1:11CR27 (1:13CR74, Dkt. No. 62). Her sentence also

**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION 3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

included a three (3) year term of supervised release on each count, to run concurrently. Id.

On January 14, 2020, Pierce commenced her second term of supervised release in 1:11CR27, and her first term of supervised release in 1:13CR74 (Dkt. No. 1232). On November 12, 2020, the Court revoked Pierce's supervised release and sentenced her to twenty-four (24) months of incarceration, with no term of supervised release to follow (Dkt. No. 1267). Pierce is currently incarcerated at the Federal Prison Camp in Alderson, West Virginia ("FPC Alderson"), with an anticipated release date of June 13, 2022.

On April 23, 2020, Pierce filed the pending pro se motion requesting that the Court recommend to the Bureau of Prisons ("BOP") that she be released to a residential reentry center ("RRC") under 18 U.S.C. Section 3624(c) (1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150).[1] Her motion recognizes that the ultimate decision regarding RRC placement and home confinement lies with the BOP. Nevertheless, Pierce asserts that she is a good candidate for an RRC placement because such placement would aid her return

---

[1] Although Pierce captioned her pro se filing as a Motion for Recommendation Regarding Residential Reentry Center and/or Home Confinement Placement, her motion only requests that the Court recommend to the BOP that she be released to an RRC, not home confinement. Id. at 3-4.

3

Case 1:11-cr-00027-IMK-MJA   Document 1271   Filed 04/28/21   Page 4 of 7 PageID #: 5331

USA v. PIERCE                                                    1:11CR27, 1:13CR74

**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR
RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION
3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

to the community and her likelihood of successful reentry. Id. at 3. Pierce also asserts that, while incarcerated, she has worked in facilities, laundry, and recreation. Id. at 4. Finally, citing United States v. Ceballos, 671 F.3d 852, 856 (9th Cir. 2011),[2] Pierce argues, in error, that the Court may make an order "anytime" and that the BOP is required by statute to consider such orders. The government has not responded to Pierce's motion.

## II. Discussion

Title 18 U.S.C. § 3624(c)(1), or the Second Chance Act ("SCA"), provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

The Director of the BOP also has the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The SCA does not create "an enforceable entitlement" to any

---

[2] Contrary to Pierce's characterization, the United States Court of Appeals for the Ninth Circuit found that it lacked jurisdiction to review a recommendation to the Bureau of Prisons and noted that its holding did not deprive district courts of the authority to "make (or not make) non-binding recommendations to the Bureau of Prisons at any time - including but not limited to - during the sentencing colloquy." Ceballos, 671 F.3d 852, 856 n. 2.

Case 1:11-cr-00027-IMK-MJA   Document 1271   Filed 04/28/21   Page 5 of 7 PageID #: 5332

USA v. PIERCE                                                    1:11CR27, 1:13CR74

**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION 3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

particular form of pre-release custody, but rather provides "merely an authorization . . . for non-prison confinement." Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468-70 (10th Cir. 1992).

To make determinations regarding pre-release custody, the BOP considers, among other factors, "any statement by the court that imposed the sentence [] concerning the purposes for which the sentence [of] imprisonment was determined to be warranted; or [] recommending any type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). A sentencing court may recommend that an offender be placed in a particular facility or program, but the BOP retains the ultimate authority to make placement decisions. Tapia v. United States, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); United States v. Williams, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (emphasizing that "it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

Courts are split regarding whether a sentencing court may make such a recommendation after imposing the sentence. See generally United States v. Reavis, 2018 WL 2376511, at *1-2 (E.D. Wis. May 23, 2018) (collecting cases); United States v. Doshi, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020) (supplementing recommendation made at time of sentencing "in light of the

**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION 3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

interplay of changing circumstances and factors [due to COVID-19] and factors considered at sentencing").

Here, even assuming it has authority to make a post-sentencing recommendation to the BOP, the Court declines to do so. As other courts have observed, the BOP is best positioned to make pre-release custody determinations because it is "familiar with the offender and [her] adjustment in prison, [her] current treatment needs, the available resources, and the other relevant considerations." United States v. Ross, 2018 WL 2376510, at *2 (E.D. Wis. May 24, 2018). The sentencing court, conversely, operates "only on a case-by-case basis, based on dated information, and lacking the BOP's expertise in such matters." Id. Therefore, a court in its discretion may deny an inmate's request for a recommendation of pre-release custody, choosing instead to defer to the experience of the BOP. Accord United States v. Baker, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 6, 2016); United States v. Bishop, 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015); United States v. Landers, 2013 WL 5530271, at *2 (D.S.C. Oct. 7, 2013).

The BOP remains better positioned to determine the availability of its own resources and whether Pierce's conduct during her incarceration warrants placement at an RRC. Pierce's case history discloses her inability or unwillingness to live a law-abiding life, and that she is imbued with criminogenic

Case 1:11-cr-00027-IMK-MJA Document 1271 Filed 04/28/21 Page 7 of 7 PageID #: 5334

USA v. PIERCE                                                  1:11CR27, 1:13CR74
**MEMORANDUM OPINION AND ORDER DENYING PRO SE MOTION FOR RECOMMENDATION TO RESIDENTIAL REENTRY CENTER UNDER SECTION 3624(c)(2) [1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150]**

thinking. Moreover, she has served only a small portion of her twenty-four (24) month term of imprisonment, a term which remains reasonable given her extensive criminal history, persistent noncompliance with conditions of release, and the continued danger she poses to the community. In light of these factors, and relying on the relevant case law, the Court exercises its discretion in favor of deferring to the expertise of the BOP and declines to recommend Pierce's pre-release custody.

### III. Conclusion

For the reasons discussed, the Court **DENIES** Pierce's Motion for Recommendation to Residential Reentry Center (1:11CR27, Dkt. No. 1270, 1:13CR74, Dkt. No. 150).

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to counsel of record by electronic means and to the pro se defendant, certified mail and return receipt requested.

DATED: April 28, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE